# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE PITTS, | Case No. ED CV 11-746 JHN (MRW) |
| Petitioner, | |
| vs. | [PROPOSED] ORDER DISMISSING FIRST AMENDED PETITION |
| TERRI GONZALEZ, Warden, | |
| Respondent. | |

## **SUMMARY**

Petitioner James Lee Pitts is a state prisoner. He filed a habeas petition in this Court seeking to overturn his 2002 guilty plea and sentence. After reviewing the original petition and the First Amended Petition, the Court concludes from the face of the documents that Petitioner's habeas claim: (a) is unexhausted, as it has not been presented to a state court; (b) is time-barred from federal consideration; and (c) does not present any federal constitutional claim for this Court to review. Because there does not appear to be any basis to believe that Petitioner can successfully amend his petition again to state a claim, the Court dismisses this action with prejudice.

**PROCEDURAL HISTORY**

Petitioner filed his original petition in this Court in May 2011. According to that filing, Petitioner pled guilty to attempted murder and weapons charges in state court in 2002. (Docket # 1 at 4-5.) Petitioner was sentenced to 30 years in custody.

Petitioner sought federal review of his conviction and sentence based on what he described generally as a change in the law regarding sentencing enhancements in weapons cases. Petitioner filed his original petition using a state court form. Because the form did not adequately explain the procedural history of the case – including the nature of any previous state court proceedings to review Petitioner's conviction or to consider his claim on habeas review – the Court ordered Petitioner to submit an amended petition using the correct federal habeas form. (Docket # 3.) Additionally, the Court explained that Petitioner's claim appeared to be time-barred under federal law and unexhausted because it had not been presented to a state court for consideration before the filing of the federal case. The Court ordered Petitioner to show cause why this federal habeas claim could properly be considered by this Court, and why it should not be dismissed as untimely and/or for failure to exhaust state remedies.[1] (Id.)

Petitioner subsequently filed his First Amended Petition. (Docket # 5.) Petitioner used the correct form to file his habeas request. Petitioner explained that the sole claim presented in the First Amended Petition was that the state court allegedly "imposed an illegal enhancement" by running Petitioner's "firearm sentence conviction consecutive with [his] felony offense" for attempted murder. (Id. at 5.) The First Amended Petition reveals that Petitioner did not seek direct appeal of his 2002 conviction nor has he ever filed a habeas petition in state court.

---

[1] The Court has not ordered the petition or the subsequently filed First Amended Petition to be served on Respondent, who has not appeared in the matter.

In support of his claim, Petitioner attached a letter that he received from an unknown individual in Georgia. That individual is apparently soliciting legal business from prisoners in custody for weapons violations. (Id. at 11-13.) The letter is directed to inmates who incurred federal weapons sentences under Title 18, United States Code section 924(c). According to the letter, "the plain language of the firearm statute forbids" certain combinations of mandatory minimum sentences. The letter refers to several federal court cases dealing with weapons offenses. It then quotes the prices that the author will charge to file habeas petitions for federal prisoners under 28 U.S.C. § 2255. (Id.)

## ANALYSIS

The Court concludes that it cannot consider Petitioner's habeas claim here. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state prisoner is ordinarily required to exhaust the remedies available under state law or demonstrate why such exhaustion is unavailable or ineffective to protect the prisoner's rights. See 28 U.S.C. § 2254(b). That means that Petitioner must first bring his challenge to his conviction and/or sentence to a state court (either on direct review or by pursuing habeas relief) before coming to federal court. According to the original petition and the First Amended Petition, Petitioner did not file any such request in state court. His filings are silent as to why he failed to do so, even though the Court specifically instructed Petitioner to address this issue. (Docket # 3.) Accordingly, there is no basis for this Court to review Petitioner's claim before it has been presented to the state court.

Further, habeas petitions in federal court are typically governed by a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). That one-year period under AEDPA runs from the date on which Petitioner's conviction became final. In the present case, Petitioner's conviction unquestionably became final by late 2002, meaning that he would have had to present his claim to a federal court

by late 2003. Again, Petitioner offers no explanation or argument as to why his habeas petition can properly be heard under AEDPA eight years after his conviction became final. The 2011 federal habeas filing is therefore time-barred on its face.[2]

Finally, the First Amended Petition does not allege a violation of Petitioner's rights under the U.S. Constitution that may be considered on federal habeas review. As the Court understands Petitioner's filing, he alleges no constitutional violation that occurred in his case. Instead, he points to an issue related to inmates convicted of <u>federal</u> gun charges. However, Petitioner was not convicted in federal court, nor did he plead guilty to a federal gun charge or enhancement under 18 U.S.C. § 924(c). Rather, he pled guilty in California state court to a violation of the California Penal Code. Nothing in his First Amended Petition or the solicitation letter attached to it raises a federal constitutional claim that may be considered on habeas review.

---

[2] The AEDPA statute of limitations is an affirmative defense that Respondent may assert or waive. However, "district courts are permitted, but not obliged, to consider, <u>sua sponte</u>, the timeliness of a state prisoner's habeas petition." <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006). Given the additional factors of lack of exhaustion (discussed above) and the failure to present a cognizable habeas claim (discussed below), the Court considers it appropriate to rule on the timeliness issue regarding the First Amended Petition as well.

# **CONCLUSION**

Neither the original petition nor the First Amended Petition is sufficient to a raise potentially meritorious habeas claim. Therefore, for the reasons stated above, the Court DISMISSES this action with prejudice.

IT IS SO ORDERED.

DATED: June 20, 2011

_____
JACQUELINE H. NGUYEN
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE